IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN R. ZEMATER JR., | |
| Plaintiff, | No. 23-cv-02826 |
| v. | Judge John F. Kness |
| HENRY SCHOONVELD, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion to dismiss Plaintiff's second amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 54.) Plaintiff has not responded to the motion despite being offered the opportunity to do so. For the reasons provided below, Plaintiff fails to state a viable claim under 45 U.S.C. § 1983. Accordingly, Defendant's motion is granted, and the case is dismissed with prejudice.

**I.    BACKGROUND**

Plaintiff alleges that, in February 2021, the Circuit Court of Cook County issued an "Emergency Stalking No Contact Order" against Plaintiff, requiring Plaintiff to avoid contact with a certain individual. (Dkt. 53 ¶ 4.) In April 2021, Plaintiff sent 38 emails to that individual, insisting that the order was baseless and that he intended to sue her if she did not "drop" the order. (*Id.* ¶ 5.) Defendant, Detective Schoonveld of the Village of Orland Park Police Department, then contacted

Plaintiff and requested that Plaintiff turn himself in for "an Alleged Offense of Email Harassment" under Illinois state law. (*Id.* ¶ 6.) Plaintiff declined because he "felt there was no Probable Cause" to arrest him. (*Id.*)

Days later, Defendant informed Plaintiff that he had obtained a warrant for Plaintiff's arrest. (*Id.*) Plaintiff alleges that he spoke to Schoonveld on April 30, 2021 to discuss Plaintiff's voluntary surrender at the Aurora Police Department in Aurora, Illinois. (*Id.* ¶ 7.) Plaintiff alleges that he attempted to surrender to the Aurora Illinois Police Department that same day. Because the Aurora Police Department could not find a record of the arrest warrant for Plaintiff, however, the Aurora police did not detain Plaintiff. (Dkt. 53 ¶ 8.)

On May 3, 2021, Plaintiff called Defendant and explained what had happened. (*Id.* ¶ 9.) Plaintiff alleges that Defendant informed Plaintiff that he had entered the warrant into the appropriate database, and Plaintiff could now surrender himself to the Aurora police. (*Id.*) Plaintiff traveled to the Aurora police station that night, but the Aurora police informed him that he needed to surrender himself to the Orland Park police. (*Id.* ¶ 11.) Plaintiff and Aurora police officers attempted to contact Defendant but were unable to reach him. (*Id.* ¶¶ 11–12.) Two patrol officers from the Orland Park Police Department then picked Plaintiff up at the Aurora police station and took him to the Orland Park police station, where Plaintiff was processed and then bonded out. (*Id.* ¶ 12.) Over the course of the episode, Plaintiff states that he was wrongfully detained for "approximately 5 hours" in violation of Section 1983 and that he suffered $1,000,000 in damages as a result. (Dkt. 53 ¶¶ 1, 51.) Plaintiff alleges

that his Fourth Amendment rights were violated as the "Direct and Proximate Result of the Wrongful Actions" taken by Defendant. (*Id.*)

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022) (cleaned up). As the Seventh Circuit has emphasized, a plaintiff need not "lay out every element or ingredient" of a claim to survive a Rule 12(b)(6) motion. *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1336 (7th Cir. 2024). Such "details and proof" come later, and all a plaintiff must do is "state a grievance." *Id.* at 1338. In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

**III. DISCUSSION**

To state a claim under Section 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Plaintiff alleges that Defendant violated his rights under the Fourth Amendment. (Dkt. 53 at 7.) Because Defendant operated in his capacity as a police officer in arranging for Plaintiff's arrest on a warrant, Plaintiff adequately alleges that Defendant acted under color of state law. Plaintiff's claims must still be dismissed, however, because they do not allege that he was deprived of a constitutional right.

To show a violation of the Fourth Amendment, a plaintiff must "show that a search or seizure occurred and that the search or seizure was unreasonable." *Hess v. Garcia*, 72 F.4th 753, 761 (7th Cir. 2023). An arrest or pretrial detention "is reasonable under the Fourth Amendment so long as there is probable cause to believe that *some* criminal offense has been or is being committed, even if it is not the crime with which the officers initially charge the suspect." *Jackson v. Parker*, 627 F.3d 634, 638–39 (7th Cir. 2010). Indeed, probable cause is "an absolute defense to claims under [S]ection 1983 against police officers for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention." *Norris v. Serrato*, 761 F. App'x 612, 615 (7th Cir. 2019).

An excessive length of detention, however, may "violate the reasonableness requirement of the Fourth Amendment." *Chortek v. City of Milwaukee*, 356 F.3d 740, 746 (7th Cir. 2004). A court must also examine "not only the length of a given

4

detention but also the reasons why release was deferred." *Portis v. City of Chicago*, 613 F.3d 702, 705 (7th Cir. 2010). A delay motivated by an improper purpose, a delay motivated by ill will, or delay for the sake of delay is unreasonable and violates the Fourth Amendment. *See id.* at 705 ("Needless delay, or delay for delay's sake—or, worse, delay deliberately created so that the process becomes the punishment— violates the fourth amendment."). A "justifiable administrative delay in processing an arrestee, arising from practical realities such as unavoidable delays in transporting arrested persons from one facility to another or handling late-night bookings[,]" in contrast, "does not violate the Fourth Amendment." *Murdock v. City of Chicago*, 565 F. Supp. 3d 1037, 1041 (N.D. Ill. 2021).

Even construing Plaintiff's complaint as alleging that Defendant, who was not present at the Aurora Police Department, was responsible for Plaintiff's detention,[1] Plaintiff does not allege a lack of probable cause underlying his detention. Plaintiff alleges that he surrendered himself to the Aurora police in connection with a warrant for Plaintiff's arrest obtained by Defendant. (Dkt. 53 ¶ 6.) Plaintiff makes no allegation challenging the validity of that warrant or that the warrant was unsupported by probable cause. (*Id.*) Plaintiff thus does not allege that his detention by the Aurora police was unlawful or improper.

---

[1] Defendant argues that Plaintiff fails to allege a personal connection between Plaintiff's allegedly wrongful detention and Defendant's individual conduct. (Dkt. 55 at 5–7.) In view, however, of Plaintiff's allegation that Defendant directed Plaintiff to surrender himself to what Plaintiff appears to allege was the wrong location, the lack of constitutional harm provides more readily apparent grounds for dismissal.

Plaintiff also does not allege that any delay between his detention by the Aurora police and his departure from the Orland Park police station was the result of "needless delay" or "delay deliberately created so that the process [would become the] punishment[.]" *See* Portis, 613 F.3d at 705. Rather, Plaintiff alleges he was held at the Aurora police station until officers from Orland Park could travel to Aurora and take custody of Plaintiff. (Dkt. 53 ¶ 12.) Plaintiff thus alleges that any delay in his detention stemmed from what are more properly viewed as "justifiable administrative delays" in processing and transporting an arrestee. *See Murdock*, 565 F. Supp. 3d at 1041. Plaintiff thus fails to plead a violation of his Fourth Amendment rights, and Plaintiff's claims under Section 1983 must therefore be dismissed. *See Bennett v. City of Chicago*, 2025 WL 2084114, *4 (N.D. Ill. July 24, 2025) (dismissing a Section 1983 claim against police officers where the plaintiff failed to allege a Fourth Amendment violation).

Having dismissed the case, a final question is whether Plaintiff should be given another chance to amend his pleading. District courts have broad discretion to deny leave to amend the pleadings where the amendment would be futile. *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Plaintiff has amended his claims twice already and has not yet stated a viable claim. Nor has he responded to Defendant's present motion to dismiss despite having been given the opportunity to do so (*see* Dkt. 66). There is nothing in any of Plaintiff's pleadings thus far to suggest that he can articulate a viable claim under Section 1983. Leave to amend further would be futile. Accordingly, the case is dismissed with prejudice.

## IV. CONCLUSION

Defendant's motion to dismiss is granted, and the case is dismissed with prejudice.

SO ORDERED in No. 23-cv-02826.

Date: February 23, 2026

JOHN F. KNESS
United States District Judge

7